**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Raymond P. Moore**

Civil Action No. 15-cv-02470-RM

MICHAEL J. MALLISH,

    Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Dep't of Corrections, and
CYNTHIA COFFMAN, the Attorney General of the State of Colorado,

    Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

    Applicant, Michael J. Mallish, is in the custody of the Colorado Department of Corrections (CDOC) at the Fremont Correctional Facility in Canón City, Colorado.  He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of convictions and sentences imposed in the District Court of Jefferson County, Colorado.  Mr. Mallish has paid the $5.00 filing fee.        On November 12, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response (ECF No. 9) on December 8, 2015.  Applicant filed a Reply (ECF No. 10) on January 11, 2016.

    The Court construes Mr. Mallish's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). However, the court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application, in part.

## I. Background and State Court Proceedings

On April 20, 2010, Applicant was convicted in Jefferson County District Court Case No. 09CR726 of attempted escape (a felony), two counts of criminal mischief (a misdemeanor), one count of resisting arrest (a misdemeanor), and one count of harassment (a misdemeanor). (ECF No. 1 at 3; No. 9-1, at 8-10; No. 9-4 at 3). He was adjudicated a habitual criminal with respect to the felony charge and sentenced to a 12-year prison term with the CDOC. (ECF No. 1 at 3; No. 9-1, at 10-11).

Applicant's convictions were affirmed on direct appeal in *People v. Mallish*, No. 11CA0874 (Colo. App. Feb. 24, 2014) (unpublished). (ECF No. 9-4). However, the Colorado Court of Appeals remanded the case for correction of the mittimus to reflect the conviction and sentence for resisting arrest. (*Id.* at 40). The Colorado Supreme Court denied Applicant's petition for certiorari review on December 8, 2014. (ECF No. 9-2).

On November 9, 2015, Mr. Mallish filed his federal application under 28 U.S.C. § 2254 asserting four claims for relief:

> 1. Applicant was deprived of his Sixth Amendment right to counsel when his court-appointed public defender requested that Applicant undergo a competency evaluation in custody, which conflicted with Applicant's wish to remain free on bond (ECF No. 1 at 6-7);
>
> 2. The trial court abused its discretion, misapplied Colorado statutes, and violated due process by placing Applicant in custody until the competency evaluation was completed (*id.* at 7-8);

    3. Applicant was denied his Sixth Amendment right to conflict free counsel and to counsel of his choice, when court-appointed defense counsel continued to represent him after he retained private counsel on December 16, 2009 (*id.* at 9); and,

    4. The prosecutor "selectively, maliciously and vindictively" prosecuted Applicant; "acted in collusion" with the public defender to obtain a plea deal from Applicant; and,"intentionally engaged in conduct that . . . would cause [Applicant's] rights to be infringed upon and violated" (*id.* at 9-10).

In the Pre-Answer Response, Respondents concede that the Application is timely. (ECF No. 9 at 3-5). Respondents further concede that Applicant exhausted state court remedies for claim one. (*Id.* at 17-18). Respondents argue, however, that claims two, three and four are procedurally barred. (*Id.* at 18-26).

## II. Applicability of Procedural Bar

### A. Standard of Review

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).

Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

**B. Claim Two**

In claim two, Mr. Mallish contends that the trial court abused its discretion, misapplied Colorado statutes, and violated due process by placing him in custody until the competency evaluation was completed. (ECF No. 1 at 7-8).

Respondents argue in the Pre-Answer Response that Applicant's allegations of abuse of discretion and misapplication of Colorado statutes by the trial court are not cognizable on federal habeas review. The Court agrees. Federal habeas review is limited to claims that a state prisoner's custody violates the United States Constitution or other federal law. 28 U.S.C. § 2254(a). The statute does not provide a remedy for errors of state law. *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) (per curiam); *see also Estelle v. Mcguire*, 502 U.S. 62, 67 (1991) (habeas corpus does not lie to correct errors of state law).

Respondents further maintain that Applicant failed to exhaust state remedies for his allegations that the trial court violated his due process rights by placing him in custody for the purpose of completing a competency evaluation. (ECF No. 9 at 18-19). Respondents contend that Applicant has committed an anticipatory procedural default of his due process claim because he no longer has a state court remedy available. (*Id.*).

On direct appeal, Mr. Mallish raised four issues in his opening brief, none of which asserted that the trial court violated his federal due process rights when it ordered him to undergo a competency evaluation, in custody, when he was otherwise free on bond. However, in the body of the opening brief, Mr. Mallish argued that his "commitment for mental health evaluation violated his due process rights," (ECF No. 9 at 45), and specifically, that his 74-day imprisonment, for the purpose of conducting a mental heath evaluation, violated his due process

rights because he was denied notice and an opportunity to be heard on the issue before he was taken into custody. (*Id.* at 47-49). Mr. Mallish contended that he "was at liberty on bond and had satisfactorily complied with all of his bond conditions when his own counsel, a public defender, asked for Mallish to be taken into custody for a mental health evaluation." (*Id.* at 47). Applicant maintained that he had no forewarning that defense counsel intended to ask for a competency evaluation and, when Applicant tried to object to both the evaluation and to being taken into custody for that purpose, the trial court refused to allow him to be heard. (*Id.* at 48-49).

In his reply brief, Mr. Mallish again asserted a violation of his due process rights based on the trial court's refusal to afford him notice and an opportunity to be heard before ordering that he be taken into custody for the purpose of a mental health evaluation. (ECF No. 9-5 at 21-25). He also stated that he was challenging the constitutionality of COLO. REV. STAT. (C.R.S.) § 16-8.5-105(1), which gave the court discretion to order him into custody for the purposes of the competency evaluation. (*Id.* at 26).

The Colorado Court of Appeals addressed Mr. Mallish's due process claim in its decision affirming his convictions. The state appellate court recognized that C.R.S.    § 16-8.5-105(1)(a) affords a trial court the authority to order an in-custody competency evaluation, and concluded that Applicant's "due process rights were not violated when he was committed for a competency evaluation." (ECF No. 9-4 at 32-33). The Colorado Court of Appeals stated specifically: "According to the plain language of the statute, the court has authority to order an <u>in-custody</u> competency evaluation." (*Id.* at 33) (Emphasis supplied). The state appellate court then declined to address Applicant's additional argument that the state statute only permits a defendant to be

committed to "the department" and not to county jail, which is what occurred in Applicant's case, *see id*. at 33, because Applicant had failed to present the exact issue to the trial court, or in his opening brief on direct appeal. (*Id.* at 31, citing *People v. Czemerynsky*, 786 P.2d 1100, 1107 (Colo. 1990) (issues omitted from an opening brief but raised in a reply brief will not be considered); and *People v. Cagle*, 751 P.2d 614, 619 (Colo. 1988) (appellate courts will not consider constitutional issues not first presented to the trial court)).

Respondents' contention in the Pre-Answer Response that the Colorado Court of Appeals rejected Applicant's due process allegations in claim two on a state procedural ground is not accurate. Although the state appellate court declined to address the specific issue of whether the applicable Colorado statute only permits a defendant to be committed to "the department" and not to county jail, the state court squarely held that Applicant's due process rights were not violated when the trial court ordered an in-custody competency evaluation. Accordingly, the Court rejects Respondent's affirmative defense of procedural default with respect to the due process allegations in claim two and instead finds that Applicant exhausted state court remedies for the claim.

**C. Claim Three**

The Court has construed Mr. Mallish's *pro se* allegations in the § 2254 Application liberally as asserting a claim that he was denied his Sixth Amendment right to conflict free counsel and to counsel of his choice, when court-appointed defense counsel continued to represent him after he retained private counsel on December 16, 2009. (ECF No. 1 at 9).

Respondents interpret claim three more narrowly to assert only that Applicant was denied counsel of his choice when the trial court refused to allow him to be represented by privately-

retained counsel for the period December 16, 2009 through March 15, 2010, the date of the conflict hearing. (ECF No. 9 at 10). Respondents argue in the Pre-Answer response that Applicant failed to exhaust state remedies for claim three because in the opening brief, he did not specifically challenge the court's refusal to allow him to be represented by his attorney of choice *before* the conflict hearing. (*Id.* at 24).

The Court does not accept the Respondents' narrow interpretation of claim three in light of Mr. Mallish's allegations in the § 2254 Application that: he had a conflict with his court-appointed public defender which was brought to the attention of the trial court; he retained private counsel to represent him; and, that the trial court refused to appoint substitute counsel following a conflict hearing. (ECF No. 1 at 9).

In his opening brief on direct appeal, Applicant argued that the trial court deprived him of his Sixth Amendment right to be represented by conflict-free counsel as well as his right to be represented by counsel of his choice when the court refused to appoint substitute counsel. (ECF No. 9-6 at 15-26, 37-45). The Colorado Court of Appeals denied the claim on the merits. (ECF No. 9-4 at 24). Because the substance of claim three was exhausted in Applicant's direct appeal proceeding, the Court rejects Respondents' assertion of the affirmative defense of procedural default as to claim three.

### D. Claim Four

In claim four, Applicant asserts that the prosecutor "selectively, maliciously and vindictively" prosecuted him; "acted in collusion" with the public defender to obtain a plea deal from Applicant; and,"intentionally engaged in conduct that . . . would cause [Applicant's] rights to be infringed upon and violated." (ECF No. 1 at 9-10). Respondents contend in the Pre-

Answer response that Applicant failed to exhaust state remedies for claim four because he did not raise the substance of the claim on direct appeal. (ECF No. 9 at 25).

Mr. Mallish did not assert a constitutional claim of prosecutorial misconduct in his opening brief on direct appeal. (*See generally* ECF No. 9-6). Applicant's allegations that the prosecutor conspired with the public defender and the victim to imprison him, which were made in the context of his claim challenging the trial court's failure to appoint conflict-free counsel, did not put the state appellate court on notice that he was asserting a distinct claim of prosecutorial misconduct, in violation of his constitutional rights. (*See* ECF No. 9-6 at 21, 31, 33-36, 38-39). Nor did the Colorado Court of Appeals perceive that Applicant raised a claim of prosecutorial misconduct in the opening brief. (*See generally* ECF No. 9-4). Consequently, the Court agrees with Respondents that Applicant failed to exhaust state court remedies as to claim four.

Respondents further maintain that Mr. Mallish has committed an anticipatory procedural default of claim four because if he attempted to raise the claim in the state courts at this time, it would be rejected as abusive under Colo. Crim. P. Rule 35(c)(3)(VII) (directing state post-conviction court to deny claims that could have been raised in a prior appeal or post-conviction proceeding, absent certain enumerated exceptions). (ECF No. 9 at 24-25).

The State of Colorado's bar against abusive claims is independent of federal law and adequate to sustain a finding of procedural default. *See, e.g., People v. Valdez,* 178 P.3d 1269, 1275 (Colo. App. 2007) (citing Colo. R. Crim. P. 35(c)(3)(VII))*; Welch v. Milyard*, No. 11-1214, 436 F. App'x 861, 865-66 (10th Cir. Aug. 18, 2011) (unpublished) (concluding that claim barred from state court review under Colo. Crim. P. Rule 35(c)(3)(VII) was procedurally defaulted on

federal habeas review); *Williams v. Broaddus,* No. 08-1254, 331 F. App'x 560, 563 (10th Cir. 2009) (agreeing with Colorado Court of Appeals' application of procedural bar for claims that could have been raised on direct appeal); *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (state bar on claims that could have been presented in an earlier state court proceeding was independent and adequate).

Moreover, none of the specifically-enumerated exceptions to the state procedural bar appear to apply here. Mr. Mallish's conclusory allegations that "material facts and evidence have further developed which exposes that he was prosecuted maliciously and vindictively," *see* ECF No. 1 at 10, are vague and fail to invoke the exception for a claim that is based on newly discovered evidence. *See* Colo. Crim. P. Rule 35(c)(VII)(b) (providing an exception for "[a]ny claim based on evidence that could not have been discovered previously through the exercise of due diligence"). *See also People v. Bruebaker,* 539 P.2d 1277, 1278 (1975) (bald allegation of constitutional error in motion for postconviction relief is insufficient for review when specific facts are not pleaded to support the claim); *Hooker v. People,* 477 P.2d 376 (1970) (same).

The Court finds that Applicant does not have a state court remedy available to him at this time. As such, he must satisfy the cause and prejudice standard to excuse his anticipatory procedural default, or demonstrate that a fundamental miscarriage of justice will result if the Court does not review the merits of his claim. *Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139-40 n.7.

In his Reply, Mr. Mallish does not allege facts to show cause for his procedural default of claim four, or that he is actually innocent of the crimes. As such, claim four will be dismissed as procedurally barred.

### III. Orders

For the reasons discussed above, it is

ORDERED that the allegations in claim two asserting an abuse of discretion by the state trial court and a failure to comply with state statutes are DISMISSED WITHOUT PREJUDICE because violations of state law are not redressable in a federal habeas corpus proceeding. It is

FURTHER ORDERED that claim four of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (ECF No. 1) is dismissed as procedurally barred. It is

FURTHER ORDERED that Respondents shall file an Answer to claims one, two (due process allegations), and three, **within thirty (30) days** of this Order. It is

FURTHER ORDERED that Applicant may file a Reply **within thirty (30) days** after Respondents file an Answer.

DATED this 12th day of February, 2016.

                                          BY THE COURT:

                                          RAYMOND P. MOORE
                                          United States District Judge