**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-cv-02470-RM

MICHAEL J. MALLISH,

    Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Dep't of Corrections, and
CYNTHIA COFFMAN, the Attorney General of the State of Colorado,

    Respondents.

## ORDER ON PENDING MOTIONS

Mr. Mallish has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Docket No. 1). Respondents have filed an Answer to the merits of Applicant's first, second and third claims for relief. (Docket No. 21). The fourth claim has been dismissed as procedurally defaulted. (Docket No. 18). Mr. Mallish's Reply to the Answer was due on April 11, 2016. Instead of submitting a Reply, Applicant filed a Motion to Appoint Advisory Counsel (Docket No. 22) and a Motion to Expand the Record (Docket No. 23).

"Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). It is unclear whether Applicant is financially unable to obtain counsel to represent him given that he paid the filing fee in this action. Further, the interests of justice do not warrant the appointment of counsel at this time. Mr. Mallish asserts in his Motion that he requests the appointment of counsel

1

to "assist [him] in obtaining, procuring, and presenting evidence in regards to this action, as well as investigations." (Docket No. 22). However, in considering Mallish's constitutional claims under the deferential standard set forth in 28 U.S.C. § 2254(d), a federal habeas court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011). Applicant may not present any outside evidence to support his claims *unless* the Court finds that the state-court decision fails § 2254(d)'s test, or if § 2254(d) does not apply. *See Parrino v. Archuleta*, No. 14-cv-02077-LTB, 2015 WL 1590606 at *11 (D. Colo. April 6, 2015) (citing *Pinholster*). Consequently, the motion to appoint counsel will be denied as premature. Counsel will be appointed for Mr. Mallish at a later date if the Court determines, upon review of the Answer, state court record, and any Reply filed by Applicant, that an evidentiary hearing is warranted. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Mallish also asks the Court to expand the record in this case to include all documents filed in his other state criminal actions: *People v. Mallish*, Case No. 09CR1143; and, *People v. Mallish*, Case No. 10CR538. He further requests a complete copy of his criminal file at the Wheatridge Police Department, including all documents, audiotapes and videotapes relating to Applicant's allegations that police officers used excessive force against him during his arrest on February 28, 2010, in relation to Case No. 10CR538. (Docket No. 23).

Again, the Court's review of Mr. Mallish's habeas claims is limited to the record that was before the state court that adjudicated his claims on the merits. Further, Applicant fails to explain how the requested documents are relevant to the claims asserted in his § 2254 action. Therefore, the Motion to Expand the Record will also be denied. Mr. Mallish may renew his

motion if the Court determines, upon review of the Answer, state court record, and any Reply filed by Applicant, that an evidentiary hearing is warranted.

Accordingly, it is

ORDERED that the Motion to Appoint Advisory Counsel (Docket No. 22) and Motion to Expand the Record (Docket No. 23), filed on April 11, 2016, are DENIED WITHOUT PREJUDICE.   It is

FURTHER ORDERED that if Mr. Mallish wishes to file a Reply to the Respondent's Answer, he shall file the Reply **within 21 days of the date of this Order**.

DATED this 12th day of April, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge